**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| QUESOS LA RICURA, LTD., | |
| Plaintiff, | Case No. 2:25-cv-04548-SIL |
| v. | **JURY TRIAL DEMANDED** |
| RIO GRANDE FOOD PRODUCTS, INC., | |
| Defendant. | |

**DEFENDANT RIO GRANDE FOOOD PRODUCTS, INC.'S**
**ANSWER, ADDITIONAL DEFENSES, AND COUNTERCLAIMS**

Defendant, Rio Grande Food Products, Inc. ("Rio Grande" or "Defendant"), by and through its undersigned attorneys, hereby answers the Complaint of Plaintiff Quesos La Ricura, Ltd. ("Plaintiff" or "Quesos La Ricura") as follows. Rio Grande's answer and additional defenses are based on information and knowledge thus far secured by Rio Grande, and Rio Grande reserves the right to amend or supplement its answers or additional defenses based on facts later discovered, pleaded, or offered. Unless expressly admitted herein, all allegations in the Complaint are denied.

**THE PARTIES**

1.      Rio Grande lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the Complaint and therefore denies the same.

2.      Rio Grande admits that it is a corporation organized under the laws of the State of Maryland with offices and places of business at 8610 Cherry Lane, Suite 41, Laurel, Maryland 20707.

3.      Rio Grande lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 and therefore denies the same.

4.      Rio Grande admits that it manufactures and sells, inter alia, beverages, grocery products, spices, frozen foods, and refrigerated foods, including cheeses and creams.  Except as so admitted, Rio Grande denies the remaining allegations in Paragraph 4.

## NATURE OF ACTION AND JURISDICTION

5.      Paragraph 5 contains legal conclusions to which no response is required. To the extent a response is required, Rio Grande denies the allegations in Paragraph 5.

6.      Denied.

7.      Denied.

8.      Denied.

9.      Paragraph 9 contains legal conclusions to which no response is required. To the extent a response is required, Rio Grande denies the allegations in Paragraph 9.

10.      Paragraph 10 contains legal conclusions to which no response is required. To the extent a response is required, Rio Grande denies the allegations in Paragraph 10.

## UNDERLYING FACTUAL ALLEGATIONS

11.      Rio Grande lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 and therefore denies the same.

12.      Rio Grande lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 and therefore denies the same.

13.      Rio Grande denies that Quesos La Ricura has used the term "queso arrocero" as a brand in interstate commerce.  Rio Grande lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 13 and therefore denies the same.

14. Rio Grande lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 and therefore denies the same.

15. Rio Grande denies that Quesos La Ricura has used the term "queso arrocero" as a "brand," that it sells QUESO ARROCERO branded products, and that the QUESO ARROCERO "brand" has become very well-known for its unique cheese product. Rio Grande lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 15 and therefore denies the same.

16. Rio Grande denies that the purported "QUESO ARROCERO" Trademark and Trade Dress have acquired a distinctive quality, such that consumers who encounter "QUESO ARROCERO branded products" recognize the mark and make the connection that these products emanate from a single source. Rio Grande lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 16 and therefore denies the same.

17. Rio Grande denies that the term "queso arrocero" is a trademark that has come to be associated with goods originating from Quesos La Ricura. Rio Grande lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 17 and therefore denies the same.

18. Rio Grande denies that the term "queso arrocero" is a "mark" or "brand" and that Rio Grande copied Quesos La Ricura's brands. Rio Grande lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 18 and therefore denies the same.

19. Denied.

20.     Rio Grande admits that it distributed queso arrocero cheese manufactured by Quesos La Ricura from approximately 1993 to 2021.  Except as so admitted, Rio Grande denies the remaining allegations in Paragraph 20.

21.     Rio Grande admits that Rio Grande and Quesos La Ricura entered into a distribution agreement concerning the distributor of queso arrocero cheese, including in Maryland, parts of Virgina, and Washington, D.C.  Paragraph 21 contains legal conclusions to which no response is required.  Except as so admitted, Rio Grande denies the remaining allegations in Paragraph 21.

22.     Paragraph 22 contains legal conclusions to which no response is required.  Exhibit B is a document that speaks for itself, and Rio Grande therefore denies any characterization of the document.  To the extent a response is required, Rio Grande denies the allegations in Paragraph 22.

23.     Rio Grande admits that it has an office and place of business in Nassau County, in Long Island, at 120 Eileen Way, Syosset, NY 11791.  Rio Grande denies the remainder of the allegations in Paragraph 23.

24.     Denied.

25.     Denied.

26.     Denied.

27.     Denied.

28.     Denied.

29.     Rio Grande admits that it received a letter from Plaintiff dated April 25, 2025, but denies the remaining allegations in Paragraph 29.

30.     Denied.

31.    Denied.

32.    Denied.

33.    Denied.

34.    Denied.

35.    Denied.

## COUNT I: FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION UNDER UNITED STATES TRADEMARK ACT (15 U.S.C. § 1125(a))

36.    Rio Grande repeats and incorporates its responses to Paragraphs 1 through 35 as if fully set forth herein.

37.    Denied.

38.    Denied.

39.    Denied.

## COUNT II: NEW YORK STATE COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

40.    Rio Grande repeats and incorporates its responses to Paragraphs 1 through 39 as if fully set forth herein.

41.    Denied.

## PRAYER FOR RELIEF

Rio Grande denies that Plaintiff is entitled to any recovery or relief in connection with the allegations set forth in the Complaint, including, but not limited to the requested relief set out in the Complaint's Prayer for Relief.

## ADDITIONAL DEFENSES

As affirmative, separate, and other defenses to the Complaint asserted against Rio Grande, Rio Grande states as follows without assuming the burden of proof on matters where it has no such

burden.  In doing so, Rio Grande specifically reserves the right to restate, re-evaluate, or recall any defenses.

## FIRST ADDITIONAL DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

## SECOND ADDITIONAL DEFENSE

Some or all of the relief sought by Plaintiff is barred because Plaintiff has failed to establish irreparable injury.

## THIRD ADDITIONAL DEFENSE

Plaintiff's claims are barred, in whole or in part, because any alleged infringement, if any, was innocent and/or authorized.

## FOURTH ADDITIONAL DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of trademark fair use.

## FIFTH ADDITIONAL DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of laches, waiver, estoppel, and/or acquiescence.

## SIXTH ADDITIONAL DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands and fraud on the United States Patent and Trademark Office ("USPTO").

Plaintiff's claims are barred, in whole or in part, in light of its fraudulent claims made to the USPTO in connection with the prosecution of Application Serial No. 98/836468 for Registration of the term "queso arrocero" for cheese on the Principal Register.  Specifically, Plaintiff's claims are barred because any rights it may claim or may otherwise have in its Application for "queso arrocero" were procured fraudulently, within the meaning of 15 U.S.C. §

6

1115(b)(1), in that Plaintiff willfully and knowingly made material false claims and allegations regarding the meaning of the term "queso arrocero" and Plaintiff's alleged ownership of and exclusive right to use the term "queso arrocero," as addressed fully in the Counterclaim which is incorporated by reference as if set forth fully herein. The USPTO relied on these willfully false claims and allegations and but for those false statements the registration would not have been granted. Accordingly, the USPTO's approval of the Application for publication and any subsequent registration are invalid and the Application should be terminated as void based on Plaintiff's fraud.

## SEVENTH ADDITIONAL DEFENSE

Plaintiff's claims are barred, in whole or in part, because the term queso arrocero is generic and is therefore not protectable as a trademark.

## EIGHTH ADDITIONAL DEFENSE

Plaintiff's claims are barred, in whole or in part, because the term queso arrocero is merely descriptive of a type of cheese and has not acquired secondary meaning, and is therefore not protectable as a trademark.

## NINTH ADDITIONAL DEFENSE

Rio Grande reserves the right to assert additional defenses as may become apparent during discovery.

## **JURY DEMAND**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Rio Grande demands a trial by jury of any issues so triable.

## COUNTERCLAIM

## THE PARTIES

1.     Counterclaim-Plaintiff Rio Grande Food Products, Inc. ("Rio Grande") is a corporation organized under the laws of the State of Maryland with offices and places of business at 8610 Cherry Lane, Suite 41, Laurel, Maryland 20707.

2.     Upon information and belief, Counterclaim-Defendant Quesos La Ricura, Ltd. ("Quesos La Ricura") is a corporation organized under the laws of the State of New York with a principal place of business at 225 Park Avenue, Hicksville, New York 11802.

## JURISDICTION

3.     This Court has subject matter jurisdiction over these Counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 1367, and 2201.

4.     The Court has personal jurisdiction over Quesos La Ricura because, among other reasons, Quesos La Ricura is a resident of this District and submitted to such jurisdiction for purposes of this counterclaim by filing the underlying case in this District.

5.     Venue is proper in this District under 28 U.S.C. § 1391 and § 1400.

## COUNT I
## DECLARATION OF NO RIGHT TO REGISTRATION
## PURSUANT TO 15 U.S.C. § 119

6.     Quesos La Ricura does not own exclusive rights to the term "queso arrocero" for cheese because the term, which translates to "cheese for rice," is generic.

7.     Quesos La Ricura filed an application on the Supplemental Register for QUESO ARROCERO for use in connection with cheese in January 2012 and obtained a supplemental registration on January 25, 2013, Supplemental Registration No. 4277475 (the "Supplemental Registration").

8.      The Supplemental Registration disclaimed the term "queso" apart from the term "queso arrocero."  Dkt. 1-1 at 2.

9.      The Supplemental Registration defines the term "queso arrocero" as "'CHEESE FOR RICE' OR 'CHEESE FOR RICE GROWERS.'"  Dkt. 1-1 at 2.

10.     The Supplemental Registration lapsed on July 28, 2023.

11.     Quesos La Ricura filed an Application for Registration for QUESO ARROCERO Mark with the USPTO, on November 4, 2024, which was assigned US Serial No. 98/836468 (the "Application").

12.     The Application defines the term "queso arrocero" as "'Cheese for Rice makers' or 'Cheese for those who make Rice' in English."  Dkt. 1-1 at 4.

13.     Plaintiff knowingly provided a false translation in the Application for the term "queso arrocero" to the USPTO for the purpose of obtaining a registration on the Principal Register.

14.     Counsel for Quesos La Ricura, Alan Sack, signed the Application.

15.     Quesos La Ricura's Supplemental Registration provided a different definition of the term "queso arrocero," which Plaintiff knew made the term ineligible for registration on the Principal Register.

16.     Specifically, Mr. Sack, on behalf of Quesos La Ricura, authorized an examiner's amendment for the Supplemental Registration providing the following statement be added to the record as a translation: "The English translation of QUESO ARROCERO in the mark is 'CHEESE FOR RICE' or 'CHEESE FOR RICE GROWERS'."  Ex. 1.

9

17. Through its counsel, Rio Grande sent a letter on Mr. Sack on September 5, 2025, bringing Queso La Ricura's conflicting definitions of QUESO ARROCERO to his attention. Ex. 2.

18. On September 24, 2025, Mr. Sack responded, in part, by stating: "Contrary to Rio Grande's assertions, QUESO ARROCERO does not translate to 'cheese for rice'. The proper translation is 'cheese for rice makers' or 'cheese for those who make rice,' as cheese for rice would translate to 'queso para arroz' in Spanish, not queso arrocero. This distinction is legally significant because marks that are suggestive rather than descriptive are 'considered 'inherently distinctive,' and are automatically entitled to protection under the Lanham Act.' *Genesee Brewing Co. v. Stroh Brewing Co., 124 F.3d 137* (Second Circuit 1997)." Ex. 3

19. The Application also claims that "The mark has become distinctive of the goods/services through the applicant's substantially exclusive and continuous use of the mark in commerce that the U.S. Congress may lawfully regulate for at least the five years immediately before the date of this statement." Dkt. 1-1 at 4.

20. Quesos La Ricura is aware that its use of the term "QUESO ARROCERO" has not been "substantially exclusive."

21. For example, for many years, Quesos La Ricura provided private label queso arrocero bearing the Rio Grande brand. Dkt. 1-3.

22. At the time Quesos La Ricura made the attestation that its use was "substantially exclusive," it knew the statement was false.

23. Quesos La Ricura made the false statement that its use of the term "QUESO ARROCERO" has not been substantially exclusive, but it decided to make the false statement for the purpose of obtaining a trademark registration.

24.     In addition, the term "queso arrocero" is generic for cheese for rice and/or cheese, and Queso La Ricura's Application should be refused as a result.

25.     The term "queso arrocero" fails to function as a trademark and, therefore, Queso La Ricura's Application should be refused.

26.     In the alternative, the term "queso arrocero" is descriptive of cheese for rice and/or cheese, and Queso La Ricura's Application should be refused as a result.

27.     Therefore, this Court should order the Under Secretary of Commerce for Intellectual Property and Director of the United States Patent and Trademark Office to refuse Quesos La Ricura's Application to register the trademark QUESO ARROCERO, Application Serial No. 98/836468, pursuant to 15 U.S.C. § 1119.

28.     Refusal and termination of the Application is necessary to prevent harm to Rio Grande, including at least because Quesos La Ricura has sued Rio Grande for federal trademark infringement under the Lanham Act based on its purported ownership of the QUESO ARROCERO Application.

## **JURY DEMAND**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Rio Grande demands a trial by jury of any issues so triable.

## **PRAYER FOR RELIEF**

Wherefore, Rio Grande prays for judgment as follows:

1.     Rio Grande denies each and every allegation contained in Plaintiff's prayer for relief, specifically denies that Plaintiff has been injured in any way whatsoever, and specifically denies that Plaintiff is entitled to relief of any kind whatsoever.  Rio Grande requests this Court enter judgment in favor of Rio Grande against Quesos La Ricura.

2. Rio Grande requests that this Court dismiss the claims in the Complaint with prejudice in their entirety and grant such other and further relief as this Court deems is just and equitable.

3. Rio Grande requests that this Court find and declare that Quesos La Ricura committed fraud on the USPTO through the provision of knowingly false and material statements in pursuit of obtaining a federal registration.

4. Rio Grande requests that this Court issue an order directing the Under Secretary of Commerce for Intellectual Property and Director of USPTO to refuse registration to Application Serial No. 98/836468 and terminate the Application as a result of Quesos La Ricura's fraud and/or because Quesos La Ricura is not otherwise entitled to registration for the term "queso arrocero."

5. Rio Grande requests that this Court award it its costs of suit and reasonable attorneys' fees incurred in this action.

6. Rio Grande requests that this Court enter such other relief as this Court deems just and proper.

Dated: October 8, 2025                                          Respectfully submitted,

                                                                **DLA PIPER LLP (US)**

                                                                */s/    Jane W. Wise*
                                                                J. Kevin Fee
                                                                Jane W. Wise
                                                                DLA PIPER LLP (US)
                                                                500 Eighth Street, NW
                                                                Washington, DC 20004
                                                                Telephone: 202.799.4000
                                                                kevin.fee@us.dlapiper.com
                                                                jane.wise@us.dlapiper.com

                                                                *Attorneys for Defendant and Counterclaim-*
                                                                *Plaintiff Rio Grande Food Products, Inc.*