# Exhibit 2



**DLA Piper LLP (US)**
500 Eighth Street, NW
Washington, DC 20004
www.dlapiper.com

Jane W. Wise
jane.wise@us.dlapiper.com
T  202.799.4149
F  202.863.7849

September 5, 2025

*VIA E-MAIL: ALAN.SACK@SACK-IP.COM*

Alan M. Sack
Sack IP Law P.C.
6800 Jericho Tpk. Suite 120W
Syosset, NY 11791

**Re: *Quesos La Ricura, Ltd. v. Rio Grande Food Products, Inc.*, 2:25-cv-04548 (E.D.N.Y)**

Dear Mr. Sack:

We write on behalf of Rio Grande Food Products, Inc. ("Rio Grande") in connection with the above-referenced lawsuit (the "Lawsuit").

We understand that your client, Quesos La Ricura, Ltd. ("La Ricura"), claims that it owns protectable trademark rights to the term QUESO ARROCERO in connection with cheese. As an initial matter, Rio Grande recognizes the importance of intellectual property rights and takes claims regarding consumer confusion seriously. As a result, Rio Grande has enjoyed great success litigating claims against competitors that have infringed its trademark rights and has secured hundreds of thousands of dollars in verdicts against infringers. However, Rio Grande has no interest in litigating a frivolous dispute.

La Ricura does not own exclusive rights to the term "Queso Arrocero" for cheese because the term, which translates to "cheese for rice," is generic or, at best, merely descriptive. La Ricura has no trademark registration for QUESO ARROCERO. Indeed, La Ricura acknowledged that the QUESO ARROCERO term was not capable of registration on the Principal Register, when it filed a trademark application on the Supplemental Register for QUESO ARROCERO in 2012, which lapsed. *See Fashion Week, Inc. v. Council of Fashion Designers of Am., Inc.*, 2016 WL 4367990 at *6 (S.D.N.Y. Aug. 12, 2016) ("The 'very presence [of the mark] on the Supplemental Register indicates a preliminary determination that the mark is not distinctive of the applicant's goods.'") (quoting 3 *McCarthy on Trademarks and Unfair Competition* § 19:36 (4th ed.)).

When La Ricura filed subsequent applications on both the Principal Register and the Supplemental Register, the U.S. Patent and Trademark Office ("USPTO") issued refusals on the basis that the term is generic or in the alternative, merely descriptive. Although La Ricura filed a response in which it argues that QUESO ARROCERO does not mean "cheese for rice" and instead means "cheese" and "rice farmer," this claim is disingenuous. In pursuit of its Supplemental Registration, La Ricura amended its application to translate QUESO ARROCERO as the "'CHEESE FOR



September 5, 2025
Page Two

RICE' or 'CHEESE FOR RICE GROWERS.'"  As you were the attorney for that application, we assume you were aware of La Ricura's prior amendment.[1]

We understand that La Ricura intends to include Rio Grande among the examples of its enforcement efforts in the hope of overcoming the USPTO's refusal to register the generic term. We encourage you to reconsider.  Rio Grande knows that the term is descriptive and can be used freely by anyone to accurately describe cheese for rice or queso arrocero.  Rio Grande is not alone. Many companies that are not associated or affiliated with La Ricura use the term to describe a type of cheese, some of which are depicted below.



---

[1] This is also not the first time La Ricura filed trademark applications for a mark consisting of the term QUESO ARROCERO refused by the USPTO under Section 2(e).  Queso La Ricura's trademark applications for OLANCHO QUESO ARROCERO DURO VIEJO EN TROZO (Serial No. 85089931), QUESO ARROCERO DURO VIEJO EN TROZOS (Serial No. 77704482) and QUESO ARROCERO (Serial No. 98091851) were each refused for being merely descriptive or generic of the applied-for goods—cheese.



September 5, 2025
Page Three

  

La Ricura cannot plausibly allege that it has protectable trademark rights in the term QUESO ARROCERO that is describes a type of cheese for rice, that is a "staple in Central American kitchens" used in a wide variety of Latin American dishes.[2]  Given the substantial number of third parties using QUESO ARROCERO to describe a common cheese product, consumers in the United States undoubtedly understand the term to refer to a type of cheese, *not* as an indication of the source of the product.  Even if QUESO ARROCERO was not generic and was merely descriptive of cheese for rice, as established above, La Ricura cannot plausibly claim that its use of QUESO ARROCERO has been substantially exclusive such that it the term has acquired secondary meaning entitling it to trademark protection.  15 U.S.C. § 1052(f) (requiring proof of at least 5 years of "substantially exclusive and continuous use" for a presumption of secondary meaning to arise); *Christian Louboutin S.A. v. Yves Saint Laurent Am. Holdings, Inc.*, 696 F.3d 206, 226 (2d Cir. 2012) (including "length and exclusivity of the mark's use" among the factors used to evaluate secondary meaning).

Moreover, Rio Grande prominently displays its Rio Grande trademark on its cheese products, clearly displayed in Exhibit C to La Ricura's Complaint.  The use of a well-known house mark further aids in dispelling any possible confusion, as consumers will readily recognize the Rio Grande brand as the source of Rio Grande's products—not La Ricura.  *See Nabisco, Inc. v. Warner-Lambert Co.*, 220 F.3d 43, 46 (2d Cir. 2000) (finding that the prominent display of house brand "significantly reduces, if not altogether eliminates, the likelihood that consumers will be confused as to the source of the parties' products.").  As a result, we were not surprised to see that La Ricura has not alleged any instances of consumer confusion in its Complaint.

While not required, Rio Grande submits this letter to put La Ricura on notice that its filing of this Lawsuit without any reasonable legal or factual bases to do so is squarely within the type of conduct that Federal Rule of Civil Procedure 11(b) prohibits.  This is not the first time that La Ricura has raised frivolous claims to Rio Grande.  As a result, we understand La Ricura's purpose

---

[2] *See* https://www.amerisalfoods.com/products/perla-cheese-for-rice-queso-arrocero#:~:text=Known%20as%20%E2%80%9Ccheese%20for%20rice,or%20a%20freshly%20baked%20bolillo. (last accessed Aug. 27, 2025).



September 5, 2025
Page Four

in bringing this lawsuit is not to remedy purported confusion, but instead to stifle fair competition. By continuing to pursue this Lawsuit, La Ricura is violating Rule 11 by (1) maintaining the suit for the improper purpose of harassing Rio Grande and (2) for advancing a frivolous legal theory given that La Ricura does not own a protectable trademark for QUESO ARROCERO. *O'Malley v. New York City Transit Auth.*, 896 F.2d 704, 706 (2d Cir. 1990) ("[I]f it is clear that the action was destined to fail based on the facts and existing precedent, and where no reasonable argument could be advanced to change or extend the present law, [R]ule 11 requires a sanction."). Although Rio Grande is prepared to take whatever action it deems necessary, including pursuing sanctions under Rule 11, Rio Grande would prefer to resolve this matter amicably. To that end, Rio Grande requests that La Ricura voluntarily dismiss this Lawsuit before Rio Grande is required to respond to the Complaint. If forced to litigate this matter, Rio Grande will pursue all available remedies, including recovery of its legal fees and costs associated with filing a response to La Ricura's frivolous Complaint.

Rio Grande expressly reserves all rights and waives none.

Sincerely,

Jane W. Wise