# Exhibit 3



**SACK** IP Law p.c.

**Alan M. Sack**

| | |
|---|---|
| **445 Park Avenue** | **6800 Jericho Tpk.** |
| **9th Floor** | **Suite 120W** |
| **NY, NY 10022** | **Syosset, NY 11791** |

**(516) 393-5960- LI**
**(212) 500-1310- NYC**
**Email:** Alan.Sack@SACK-IP.com

September 24, 2025

**By email to:** jane.wise@us.dlapiper.com

Jane W. Wise, Esq.
DLA Piper LLP (US)
500 Eighth Street, NW
Washington, DC 20004

Re: **Response to Letter dated 9/5/2025;** *Quesos La Ricura, Ltd. v. Rio Grande Food Products, Inc.*, **2:25-cv-04548 (E.D.N.Y)**

Dear Ms. Wise:

We are responding to your Letter dated September 4, 2025 on behalf of our Client, Quesos La Ricura, Ltd. ("Quesos La Ricura" or "our Client"). As you know, Quesos La Ricura distributes a variety of food and dairy products, including cream, fresh cream and cheese, and sells its products throughout the United States. Over the years, our client has manufactured products for sale and distribution by your Client, Rio Grande Food Products, Inc.'s ("Rio Grande"), one of which bearing Quesos La Ricura's Trademark **QUESO ARROCERO.**

**Introduction**

This response addresses Rio Grande Food Products, Inc.'s ("Rio Grande's") threats of Rule 11 sanctions and challenge of Quesos La Ricura, Ltd.'s ("Quesos La Ricura's") trademark rights in the QUESO ARROCERO trademark. Rio Grande's arguments lack merit both factually and legally, and their Rule 11 threats are unfounded under Second Circuit precedent.

**Rio Grande's Rule 11 Threats Are Meritless**

<u>Legal Standard for Rule 11 Sanctions</u>

Federal Rule of Civil Procedure Rule 11 requires that legal contentions be "warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law." *Perez v. Posse Comitatus,* 373 F.3d 321 (Second Circuit 2004).  To constitute a



**SACK** IP Law p.c.

September 24, 2025

Jane W. Wise, Esq.
DLA Piper LLP (US)

frivolous legal position warranting Rule 11 sanctions, "it must be clear under existing precedents that there is no chance of success and no reasonable argument to extend, modify or reverse the law as it stands." *Mareno v. Rowe, 910 F.2d 1043* (Second Circuit 1990). Courts must "resolve all doubts in favor of the signer," and not all unsuccessful legal arguments are frivolous or warrant sanctions. *Perez v. Posse Comitatus, 373 F.3d 321* (Second Circuit 2004).

<u>QUESOS LA RICURA's Trademark Infringement Claims Are Well-Founded in Law and Fact</u>

Quesos La Ricura's trademark infringement claims are supported by substantial legal authority and factual evidence. Quesos La Ricura has continuously used the QUESO ARROCERO mark in interstate commerce since May 8, 2009, previously held federal registration No. 4,277,475, and has actively enforced its rights through numerous litigation matters and settlements. Most significantly, Rio Grande itself recognized QUESOS LA RICURA's trademark rights by distributing QUESO ARROCERO branded products under license from QUESOS LA RICURA from 2010 until the license was revoked in 2020.

<u>Rule 11 Does Not Apply to Good Faith Legal Arguments</u>

The Second Circuit has established that Rule 11 sanctions are inappropriate where counsel makes "reasonable argument" that is "warranted by existing law." *US Fed Rules Civ Proc Rule 11*. Quesos La Ricura's position that its Mark: QUESO ARROCERO has acquired distinctiveness through substantially exclusive use for over 16 years presents exactly such a reasonable legal argument. The Lanham Act expressly provides that proof of substantially exclusive and continuous use for five years constitutes *prima facie* evidence of acquired distinctiveness*. 15 USCS § 1052.*

**The Mark: QUESO ARROCERO IS NOT GENERIC AND HAS ACQUIRED DISTINCTIVENESS**
<u>The Mark: QUESO ARROCERO Is Suggestive, Not Generic or Merely Descriptive</u>

Contrary to Rio Grande's assertions, QUESO ARROCERO does not translate to "cheese for rice". The proper translation is "cheese for rice makers" or "cheese for those who make rice," as cheese for rice would translate to "queso para arroz" in Spanish, not queso arrocero. This distinction is legally significant because marks that are suggestive rather than descriptive are "considered 'inherently distinctive,' and are automatically entitled to protection under the Lanham Act." *Genesee Brewing Co. v. Stroh Brewing Co., 124 F.3d 137* (Second Circuit 1997).

The combination of queso (cheese) and arrocero (rice farmer/rice maker) creates a unique commercial impression that requires imagination, thought, or perception to understand its connection to the goods, making it suggestive rather than merely descriptive. Federal courts



SACK IP Law p.c.

September 24, 2025

Jane W. Wise, Esq.
DLA Piper LLP (US)

have emphasized that "the context and perception of the mark by the relevant public are critical in determining descriptiveness.".

<u>The Mark: QUESO ARROCERO has Acquired Distinctiveness Under Section 2(f)</u>

Even if the mark were found descriptive, Queso La Ricura has clearly established acquired distinctiveness under Section 2(f) of the Lanham Act. The statute provides that "proof of substantially exclusive and continuous use thereof as a mark by the applicant in commerce for the five years before the date on which the claim of distinctiveness is made" constitutes prima facie evidence of distinctiveness. *15 USCS § 1052.*

Quesos La Ricura has used the mark continuously for over 16 years, far exceeding the five-year requirement. The company has made significant investments in advertising, promotion, and nationwide distribution of its QUESO ARROCERO brand, particularly targeting the Latin American community in the United States. This extensive use has resulted in the mark becoming well-known and associated with Quesos La Ricura's unique cheese product.

<u>Third-Party Use Does Not Negate Acquired Distinctiveness</u>

Rio Grande's argument that third-party use precludes trademark protection is legally insufficient. The Federal Circuit has held that "third-party uses do not necessarily preclude a finding of acquired distinctiveness if the applicant can demonstrate that the mark acquired distinctiveness and functions as a source identifier." Quesos La Ricura's evidence demonstrates that many of the alleged third-party uses are actually infringers who have copied Quesos La Ricura's successful brand. *L.D. Kichler Co. v. Davoil, Inc.,* 192 F.3d 1349 (Fed. Cir. 1999), *Galperti, Inc. v. Galperti S.r.l.,* 791 Fed. Appx. 905 (Fed. Cir. 2019), *Galperti, Inc. v. Galperti S.r.L.,* 17 F.4th 1144 (Fed. Cir. 2021).

In fact, The Federal Circuit and its predecessor have also recognized that evidence of copying by third parties can support a claim of acquired distinctiveness. For example, in *Real Foods Pty Ltd. v. Frito-Lay N. Am., Inc.*, 906 F.3d 965 (Fed. Cir. 2019), the court noted that intentional copying of a mark is a factor that can demonstrate acquired distinctiveness, as it reflects the mark's recognition in the marketplace, *Id*. Additionally, in Conde Nast Publs. v. Am. Greetings Corp., 51 C.C.P.A. 1176 (C.C.P.A. 1964), the court found that third-party registrations and uses did not overcome the distinctiveness of the "VOGUE" mark, particularly when the evidence showed that the mark was well-known and functioned as a source identifier, *Id*.

**SACK** IP Law p.c.

September 24, 2025

Jane W. Wise, Esq.
DLA Piper LLP (US)

<u>QUESOS LA RICURA's Enforcement Efforts Demonstrate the Strength of the Mark</u>

Quesos La Ricura has filed multiple federal court actions to protect its QUESO ARROCERO rights, obtained confidential settlements in many disputes, and continues to send cease and desist letters to infringers.

Quesos La Ricura's active enforcement of the QUESO ARROCERO mark provides compelling evidence of its strength and distinctiveness. Under the DuPont factors, active enforcement of a trademark is a significant indicator of its strength. The courts have consistently recognized that actions taken by a trademark owner to protect its rights, such as sending cease-and-desist letters and initiating numerous litigations, demonstrate the owner's commitment to maintaining the mark's distinctiveness and exclusivity. *In re E.I. DuPont deNemours & Co.*, 476 F.2d 1357, 177 U.S.P.Q. (BNA) 563 (CCPA 1973) and in *Polaroid Corp. v. Polarad Elecs. Corp.*, 287 F.2d 492 (2nd Cir. 1961) the Courts have set out numerous factors relevant to reaching a decision as to whether a likelihood of confusion exists with regard to competing marks.

A trademark holder's enforcement efforts impact the strength of a mark. <u>See</u> *McAirlaids, Inc. v. Kimberly-Clark Corp.*, No. 7:12cv578, 2014 U.S. Dist. LEXIS 16398, 2014 WL 495748, at *3 (W.D. Va. Feb. 6, 2014), *Fuji Photo Film Co. v. Shinohara Shoji Kabushiki Kaisha*, 754 F.2d 591, 602 (5th Cir. 1985).

**RIO GRANDE'S PRIOR RECOGNITION OF QUESOS LA RICURA'S TRADEMARK RIGHTS**
Rio Grande's current position is undermined by its own prior conduct. Rio Grande distributed QUESO ARROCERO private label products under license from Quesos La Ricura from at least 2010 until QUESOS LA RICURA revoked the license on July 20, 2020. This licensing relationship demonstrates that Rio Grande previously recognized the validity and enforceability of Quesos La Ricura's QUESO ARROCERO trademark rights. Rio Grande cannot now claim the mark is generic or unprotectable after years of acknowledging Quesos La Ricura's exclusive rights through a licensing arrangement. In *Colony Grill Dev., LLC v. Colony Grill, Inc.*, 2022 U.S. App. LEXIS 8376, 2022 WL 950950 (2nd Cir. 2022) the Second Circuit noted that licensee estoppel prevents a licensee from disputing the validity of the licensor's trademark, as the licensee, by entering the agreement, has assented to the mark's validity.

**SUPPLEMENTAL REGISTRTION DOES NOT CONSTITUTE AN ADMISSION**

Rio Grande's argument that QUESOS LA RICURA's prior Supplemental Registration constitutes an admission of descriptiveness lacks legal foundation. The Lanham Act expressly permits marks on the Supplemental Register to later qualify for Principal Register protection upon a showing of acquired distinctiveness. *15 USCS § 1091*.

4



**SACK** IP Law p.c.

September 24, 2025

Jane W. Wise, Esq.
DLA Piper LLP (US)

**CONCLUSION**

Rio Grande's Rule 11 threats are baseless and appear designed to intimidate rather than address the merits of Quesos La Ricura's well-founded trademark claims. Quesos La Ricura has presented substantial evidence of acquired distinctiveness through over 16 years of continuous use, active enforcement, and consumer recognition. Rio Grande's own prior licensing relationship with Quesos La Ricura contradicts its current position that the mark is generic or unprotectable.

The law is clear that sanctions "may be warranted where an attorney's conduct degrades the legal profession and disserves justice," but Quesos La Ricura's good faith enforcement of legitimate trademark rights falls well within acceptable advocacy. *Perez v. Posse Comitatus, 373 F.3d 321* (Second Circuit 2004). Rio Grande's attempt to characterize this legitimate trademark dispute as frivolous litigation subject to Rule 11 sanctions is itself inappropriate and is rejected.

Accordingly, our Client, Quesos La Ricura, demands that Rio Grande immediately cease and desist from any and all unauthorized manufacture, distribution and sale of **QUESO ARROCERO** branded products, unless such products were legitimately purchased from Quesos La Ricura bearing the **QUESO ARROCERO** brand.

Rio Grande's unauthorized marketing, sale and distribution of Cheese products bearing Quesos La Ricura's **QUESO ARROCERO** Trademark is causing irreparable harm to our client and is causing confusion in the marketplace. Such infringement is being conducted with full knowledge and disregard for Quesos La Ricura's legitimate trademark rights and are willful and wonton. These actions by Rio Grande constitute willful trademark infringement and unfair competition under the Lanham Act, **15 U.S.C. §1125(a)**, and the common law of the State of New York. Quesos La Ricura is seeking recourse in the U.S. District Court for the Eastern District of New York, in order to protect its trademark rights in the **QUESO ARROCERO** mark, to seek injunctive relief; and an accounting for Rio Grande's profits in the sale of infringing **QUESO ARROCERO** products; as well as, Quesos La Ricura's damages, including enhanced damages and Quesos La Ricura's attorney's fees and costs in enforcing its mark under the Lanham Act, **15 U.S.C. § 1117.**

If Rio Grande wishes to have Quesos La Ricura terminate the pending litigation, Rio Grande must provide us with written assurances that:



<span style="text-align:right">**SACK** IP Law p.c.</span>

September 24, 2025

Jane W. Wise, Esq.
DLA Piper LLP (US)

1. Rio Grande has immediately ceased selling, offering for sale, advertising and/or marketing any products in the United States using the **QUESO ARROCERO** mark and any other marks that are confusingly similar to Quesos La Ricura's trademarks;

2. Rio Grande has immediately ceased selling and marketing any products in the United States using the infringing **QUESO ARROCERO** mark on packaging and labels and any other packaging and labels that are confusingly similar to Quesos La Ricura's packaging and label trade dress;

3. Rio Grande has immediately ceased any course of conduct likely to cause confusion, deception or mistake, to injure Quesos La Ricura's business reputation or dilute the **QUESO ARROCERO** mark, appropriate the goodwill and reputation of the QUESO ARROCERO mark or lead to the passing off of Rio Grande's products as Quesos La Ricura products;

4. Rio Grande has offered up for destruction any and all unauthorized and infringing packaging, labels, advertising and promotional or other materials;

5. Rio Grande has removed all infringing products from all store shelves, throughout the United States;

6. Rio Grande has provided us with an accounting of sales of infringing **QUESO ARROCERO** products, in units and dollars, as well as a full description of the current product inventory maintained by Rio Grande, or any other company under your control, and has offered to pay over to Quesos La Ricura all profits realized by sales of products bearing the **QUESO ARROCERO** mark; and,



**SACK** IP Law p.c.

September 24, 2025

Jane W. Wise, Esq.
DLA Piper LLP (US)

      7.      Rio Grande agrees to pay Quesos La Ricura's Attorney's Fees and expenses in pursuing its legitimate trademark in enforcing its QUESO ARRECERO mark against Rio Grande.

We expect that Rio Grande will want to respect Quesos La Ricura's legal rights and immediately respond with confirmation that the requested actions are being taken. Without such assurances, however, Quesos La Ricura demands that Rio Grande respond to the Complaint, by the extended due date of October 8, 2025.

      We look forward to your prompt response.

                     Sincerely,

                     Alan M. Sack