UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| QUESOS LA RICURA, LTD.,<br>                              Plaintiff,<br><br>    v.<br><br>RIO GRANDE FOOD PRODUCTS, INC.,<br>                              Defendant.<br><br>RIO GRANDE FOOD PRODUCTS, INC.,<br>                    Counterclaim Plaintiff,<br><br>    v.<br><br>QUESOS LA RICURA, LTD.,<br><br>                    Counterclaim Defendant. | Case No.: 2:25-cv-04548-SJB-SIL<br><br>JURY TRIAL DEMANDED<br><br>*via ECF* |

**[Proposed] FIRST AMENDED COMPLAINT**

Plaintiff and Counterclaim Defendant, QUESOS LA RICURA, LTD. ("Plaintiff" or "Quesos La Ricura"), by its attorneys Alan M. Sack, Esq., SACK IP Law p.c., for its First Amended Complaint against Defendant Rio Grande Food Products, Inc. ("Defendant" or Rio Grande), alleges and states as follows:

**THE PARTIES**

1.      Plaintiff is a New York corporation with a principal place of business at 225 Park Avenue, Hicksville, New York 11802.

2.      Upon information and belief, Defendant, Rio Grande Food Products, Inc. is a corporation of the State of Maryland and has offices and places of business in the State of Maryland at 8610 Cherry Lane, Suite 41, Laurel, Maryland 20707.

3.      Plaintiff manufactures and sells, *inter alia*, dairy products, namely, fresh cheese, cheese, creams, and other food products, primarily marketed to the Latin American community.

4.     Defendant manufactures and sells, *inter alia*, beverages, grocery products, spices, frozen foods, and refrigerated foods, including cheeses and creams and cheeses, primarily marketed to the Latin American community.

**NATURE OF ACTION AND JURISDICTION**

5.     This is an action for trademark infringement and unfair competition arising under the Federal Trademark Act of 1946 ("Lanham Act"), 15 U.S.C. §§ 1051 et seq., § 1125(a) and related state statutes and the common law.

6.     As set forth more fully herein, Plaintiff is the owner of the QUESO ARROCERO trademark which is used on Plaintiff's QUESO ARROCERO - Cheese products ("Plaintiff's QUESO ARROCERO Mark").

7.     Additionally, Plaintiff is the owner of the OLANCHO QUESO SECO FRIJOLERO Registered Trademark, which is used on Plaintiff's OLANCHO QUESO SECO FRIJOLERO - cheese products (Plaintiff's "OLANCHO QUESO SECO FRIJOLERO Mark"); and Plaintiff is the owner of the QUESO SECO FRIJOLERO Trademark, which is used on Plaintiff's QUESO SECO FRIJOLERO branded cheese products (Plaintiff's "QUESO SECO FRIJOLERO Mark").

8.     Upon information and belief, Defendant is offering for sale similar products under the identical, and confusingly similar marks QUESO ARROCERO and MIX DE QUESOS FRIJOLEROS ("Defendant's accused marks").

9.     Upon information and belief, Defendant's infringing acts have occurred in the State of New York, including Nassau County Long Island and Queens County, in Hyattsville Maryland, and elsewhere in interstate commerce throughout the United States.

10.     Jurisdiction is proper under 28 U.S.C. §§ 1331, 1338(a), 1338(b) and 1367.

-2-

11.    Venue is proper under 28 U.S.C. §§ 1391(b) and (c).

## UNDERLYING FACTUAL ALLEGATIONS

### PLAINTIFF'S TRADEMARK

12.    Plaintiff sells and distributes a variety of food and dairy products, including, *inter alia,* cream, fresh cream and cheese, and sells its products throughout the United States.

13.    Through its factory in Long Island, located at 225 Park Avenue, Hicksville, New York and via independent distributors, including distributors located in Maryland and throughout the United States, Plaintiff sells and distributes a variety of dairy products, including cream and cheese to the large Latino markets throughout the United States, and in particular in the States of New York, New Jersey and Maryland, among many others.

14.    Quesos La Ricura sells its QUESO ARROCERO, QUESO SECO FRIJOLERO and OLANCHO QUESO SECO FRIJOLERO Cheese products throughout the United States. Quesos La Ricura has continuously and extensively used the QUESO ARROCERO, QUESO SECO FRIJOLERO and OLANCHO QUESO SECO FRIJOLERO brands in interstate commerce since May 8, 2009, and June 6, 2010, respectively, in the United States. Quesos La Ricura's sales of products under the QUESO ARROCERO brand were nearly $3,000,000 in 2023 and over approximately $3,000,000 in 2024. Quesos La Ricura's sales of products under the QUESO SECO FRIJOLERO and OLANCHO QUESO SECO FRIJOLERO brands were over $6,000,000 in 2023  and nearly $6,000,000 in 2024 and 2025.

15.    Quesos La Ricura had Registered the QUESO ARROCERO Mark in the US Patent and Trademark Office (the USPTO) on January 15, 2013, as US Registration No. 4,277,475 for Cheese, which had lapsed in July 2023. Quesos La Ricura has since refiled an Application for

-3-

Registration of the QUESO ARROCERO Mark with the USPTO, on November 4, 2024, which was assigned US Serial No. 98/836468 that is currently pending. Copies of Quesos La Ricura's prior US Registration No. 4,277,475 for Cheese, and Quesos La Ricura's pending Application, Serial No. 98/836468 for Registration of the QUESO ARROCERO Mark for Cheese on the Principal Register of the USPTO, are attached as **Exhibit A.**

16.     Quesos La Ricura has Registered the OLANCHO QUESO SECO FRIJOLERO Mark in the US Patent and Trademark Office (the USPTO) for Cheese on Dec. 02, 2025, Reg. No. 8,051,988, which is currently active and in force. Quesos La Ricura has also Registered the QUESO SECO FRIJOLERO Mark in the USPTO on Feb. 12, 2013, as US Reg. No. 4,287,797 for Cheese, which had lapsed in August 25, 2023; Quesos La Ricura has since refiled an Application for Registration of the QUESO SECO FRIJOLERO Mark with the USPTO, on Nov. 13, 2025, which was assigned US Serial No. 99/494680 that is currently pending. Copies of Quesos La Ricura's active US Registration No. 8,051,988 for Cheese; Quesos La Ricura's lapsed Registration of the QUESO SECO FRIJOLERO Mark for Cheese; and Quesos La Ricura's currently pending Application, Serial No. 99/494680 for Registration of the QUESO SECO FRIJOLERO Mark for Cheese on the Principal Register of the USPTO, are attached as **Exhibit B.**

17.     Over the last 16 years, Quesos La Ricura has made a large investment in the advertising, promotion and nationwide distribution of its QUESO ARROCERO, QUESO SECO FRIJOLERO and OLANCHO QUESO SECO FRIJOLERO brands to the Latin American communities throughout the United States. Quesos La Ricura promotes its brands on the QLR website *https://quesoslaricura.com* and Facebook page *https://www.facebook.com/laricuraquesos*, and by the use of promotional flyers mailed by the supermarkets and bodegas, providing a price discount on their purchase of the Quesos La Ricura

branded products sold, and in particular on the QUESO ARROCERO, QUESO SECO FRIJOLERO and OLANCHO QUESO SECO FRIJOLERO branded products. As a result of Quesos La Ricura's extensive distribution, and marketing efforts, as well as its sales of QUESO ARROCERO, QUESO SECO FRIJOLERO and OLANCHO QUESO SECO FRIJOLERO brand products to the Latino communities throughout the United States, the QUESO ARROCERO, QUESO SECO FRIJOLERO and OLANCHO QUESO SECO FRIJOLERO brands has have become very well-known for its unique Cheese products. Photographs of Quesos La Ricura's QUESO ARROCERO Products, which are displayed on QLR's advertising on its Facebook Page, on its website and on its sponsored promotional flyers are shown in **EXHIBIT A1**. These images constitute the QUESOS ARROCERO Trade Dress. Photographs of Quesos La Ricura's OLANCHO QUESO SECO FRIJOLERO and QUESO SECO FRIJOLERO branded Products, which are displayed on QLR's advertising on its Facebook Page, on its website and on its sponsored promotional flyers are shown in **EXHIBIT B1**. These images constitute the OLANCHO QUESO SECO FRIJOLERO and QUESO SECO FRIJOLERO Trade Dress, respectively.

18.     Consequently, the QUESO ARROCERO Trademark and Trade Dress have acquired a distinctive quality, such that consumers who encounter QUESO ARROCERO branded products immediately recognize the mark and make the connection that these products emanate from a single source. Information regarding Quesos La Ricura can be found at

*http://www.quesoslaricura.com*.

19.     Furthermore, as a consequence of Quesos La Ricura's promotional efforts, OLANCHO QUESO SECO FRIJOLERO and QUESO SECO FRIJOLERO Trademarks and Trade Dress have acquired a distinctive quality, such that consumers who encounter OLANCHO QUESO SECO FRIJOLERO and QUESO SECO FRIJOLERO branded products, immediately recognize the prominent feature of the mark (namely, the words QUESO SECO FRIJOLERO) and make

the connection that these products emanate from a single source. Information regarding Quesos La Ricura can be found at *http://www.quesoslaricura.com*.

20.     Upon information and belief, as a result of Plaintiff's extensive sales, advertising and promotional efforts, the QUESO ARROCERO, OLANCHO QUESO SECO FRIJOLERO and QUESO SECO FRIJOLERO trademarks ~~has~~ have come to be associated with high quality goods originating from Quesos La Ricura.

21.     Quesos La Ricura has enforced its well-known marks, including the QUESO ARROCERO, OLANCHO QUESO SECO FRIJOLERO and QUESO SECO FRIJOLERO brands against numerous infringers, sending a host of Cease and Desist letters, filing litigations against parties that have caused damage to Quesos La Ricura's reputation, goodwill and market share and has entered into settlements with such parties. While, Quesos La Ricura has been diligently policing its mark and has obtained confidential settlements in many of these disputes, infringing parties, such as the Defendant continue to emerge, copying Quesos La Ricura's numerous successful brands.

22.     By virtue of Plaintiff's extensive sales, advertising, promotion of goods under the QUESO ARROCERO, OLANCHO QUESO SECO FRIJOLERO and QUESO SECO FRIJOLERO marks, and Quesos La Ricura's enforcement efforts have enhanced the strength of the QUESO ARROCERO, OLANCHO QUESO SECO FRIJOLERO and QUESO SECO FRIJOLERO marks, which ~~has~~ have acquired a secondary meaning and distinctiveness in the mind of the purchasing public.

## DEFENDANT'S UNLAWFUL ACTS

23.     Defendant, Rio Grande was selling QUESO ARROCERO branded private label cheese

product, that was manufactured and licensed by Quesos La Ricura to Rio Grande, for exclusive distribution since at least 2010.

24.    The distribution agreement exclusively licensed Rio Grande to act as a distributor of QUESO ARROCERO brand cheese, as well as other Quesos La Ricura products, such as OLANCHO QUESO SECO FRIJOLERO and QUESO SECO FRIJOLERO brand cheese in a specifically designated territory, which included Maryland, certain areas of Virginia, and Washington D.C.

25.    The distribution agreement was terminated by Quesos La Ricura on July 6, 2020, and on that same date Rio Grande also ceased to distribute the other Quesos La Ricura products. A copy of Quesos La Ricura's Termination Letter dated July 6, 2020 provided to Rio Grande Food Products, Inc. is attached as **Exhibit B E1**.

26.    Although Quesos La Ricura has revoked Rio Grande's license and has, effective, as of July 6, 2020, our Client discovered that Rio Grande has recently opened an Office and Place of Business in Nassau County, in Long Island, at 120 Eileen Way, Syosset, NY 11791 and has been selling infringing QUESO ARROCERO branded products in Supermarkets and bodegas in, in Nassau County, on Long Island, and in Queens, New York, willfully disregarding Quesos La Ricura's trademark rights, in direct competition with Quesos La Ricura's authentic QUESO ARROCERO branded products.

27.    These infringing QUESO ARROCERO sales have been identified by Quesos La Ricura at Shop Fare Supermarket located at 1329 Beach Channel Dr., Far Rockaway NY 11691; Key Food Supermarket located at 2020 New Haven Ave, Far Rockaway, NY 11691; and at Ideal Food Basket, 271 Burnside Ave, Lawrence, NY 11559.

28.    Photographs of infringing QUESO ARROCERO branded products being sold by Rio Grande, on the supermarket shelves in direct competition with Quesos La Ricura's branded

products are attached as **Exhibits C1-C3**. **Exhibit C-1** photographed at Shop Fare Supermarket located at 1329 Beach Channel Dr., Far Rockaway NY; **Exhibit C-2** photographed at Key Food Supermarket located at 2020 New Haven Ave, Far Rockaway, NY; and **Exhibit C-3** photographed at Ideal Food Basket, 271 Burnside Ave, Lawrence, NY.

29.     Additionally, infringing Rio Grande QUESO ARROCERO, and MIX DE QUESOS FRIJOLEROS Cheese products were also located in Megamart Supermarket in Hyattsville, Maryland and are believed to be sold elsewhere in Maryland and throughout the United States. **Exhibits D1 and D2** ~~was~~ were each photographed at the Megamart Supermarket in Hyattsville, Maryland, showing Defendant's infringing ~~of infringing~~ QUESO ARROCERO, and MIX DE QUESOS FRIJOLEROS Cheese products, respectively.

30.     Upon information and belief, Defendant's infringing cheeses sold under the QUESO ARROCERO, and MIX DE QUESOS FRIJOLEROS marks are sold in many other Supermarkets and Bodegas, not yet identified in the States of New York, New Jersey, Maryland and other locations throughout the United States, where Defendant distributes its Goods, in many of the same stores as Plaintiff's QUESO ARROCERO, OLANCHO QUESO SECO FRIJOLERO and QUESO SECO FRIJOLERO brand Cheese products are sold.

31.     Defendant's QUESO ARROCERO, and MIX DE QUESOS FRIJOLEROS branded products and the similar trade dress of their respective packaging create a confusingly similar commercial impression as Plaintiff's identical QUESO ARROCERO, and MIX DE QUESOS FRIJOLEROS  trademarks, and the trade dress of their QUESO ARROCERO, and "MIX DE QUESOS FRIJOLEROS" branded products, respectively,  such that consumers assume that the Rio Grande products are an extension of the QUESO ARROCERO, OLANCHO QUESO SECO FRIJOLERO and QUESO SECO FRIJOLERO Product lines, which are sold or sponsored by Quesos La Ricura.

32.     Plaintiff has notified Defendant of its objections to the sale and marketing of Defendant's QUESO ARROCERO branded cheese products and has demanded that Defendant, Rio Grande cease all infringing sales and account to Quesos La Ricura on the extent and revenues of such infringing sales. A copy of Plaintiff's Demand Letter dated April 25, 2025 is attached as **Exhibit E**.  Although the Demand Letter was served via email, 1st Class Mail and by Priority Mail, neither Rio Grande, nor their Attorneys responded, as requested by May10, 2025 in the Demand Letter, further demonstrating Rio Grande's willfulness in violating Quesos La Ricura's rights.  Additionally, Plaintiff has notified Defendant of its objections to the sale and marketing of Defendant's MIX DE QUESOS FRIJOLEROS branded cheese products and has demanded that Defendant, Rio Grande cease all infringing sales and account to Quesos La Ricura on the extent and revenues of such infringing sales. A copy of Plaintiff's E Mail Communication dated February 10, 2026 is attached as **Exhibit F**.

33.     Defendant's use of the words QUESO ARROCERO is identical to Plaintiff's well known QUESO ARROCERO Trademark.  Defendant's use of the mark QUESO ARROCERO on cheese products that are so closely associated with Plaintiff's cheese products is likely to confuse consumers as to the source or sponsorship of Defendant's QUESO ARROCERO branded goods.

34.     Defendant's use of the words MIX DE QUESOS FRIJOLEROS is confusingly similar to Plaintiff's well known OLANCHO QUESO SECO FRIJOLERO and QUESO SECO FRIJOLERO Trademarks.  Defendant's use of the mark MIX DE QUESOS FRIJOLEROS on cheese products that are so closely associated with Plaintiff's cheese products is likely to confuse consumers as to the source or sponsorship of Defendant's MIX DE QUESOS FRIJOLEROS branded goods.

35.     By using a confusingly similar mark and packaging trade dress to the trademark and trade dress that has been successfully marketed by Plaintiff, Defendant willfully seeks to cause

confusion among the purchasing public that its products derive from, are sponsored by or associated with Plaintiff, Quesos La Ricura.

36.     Defendant's unauthorized use of the same, confusingly similar QUESO ARROCERO mark, and confusingly similar trade dress, on the same goods as those sold by Plaintiff constitutes trademark infringement and unfair competition with Plaintiff under the meaning of the Trademark (Lanham) Act, 15 USC § 1125(a), and related state statutes and the common law.

37.     Defendant's unauthorized use of the same, confusingly similar MIX DE QUESOS FRIJOLEROS mark, and confusingly similar trade dress, on the same goods as those sold by Plaintiff constitutes trademark infringement and unfair competition with Plaintiff under the meaning of the Trademark (Lanham) Act, 15 USC §§ 1114, 1125(a), and related state statutes and the common law.

38.     Defendant's infringing use of the QUESO ARROCERO mark and trade dress diminishes the valuable goodwill in the QUESO ARROCERO trademark and trade dress which Plaintiff has labored so hard to create.

39.     Defendant's infringing use of the MIX DE QUESOS FRIJOLEROS mark and trade dress diminishes the valuable goodwill in the OLANCHO QUESO SECO FRIJOLERO and QUESO SECO FRIJOLERO Trademarks and trade dress which Plaintiff has labored so hard to create.

40.     Upon information and belief, Defendant's infringing activities are knowing and willful, and are purposely calculated to capitalize on Quesos La Ricura's valuable goodwill in its trademarks, in violation of Plaintiff's trademark rights.

41.     Upon information and belief, unless enjoined by this Court, Defendant's use and promotion of the Defendant's infringing QUESO ARROCERO, and MIX DE QUESOS FRIJOLEROS Trademarks and trade dress on cheese products sold and marketed in the U.S.

-10-

will continue and increase, all to the detriment of Plaintiff.

## COUNT I

False Designation of Origin and Unfair Competition
under United States Trademark Act (15 U.S.C. § 1125(a))

42.    Plaintiff repeats and realleges the allegations set forth in paragraphs 1-41 35 above, as if set forth here in full.

43.    Defendant's use of the QUESO ARROCERO mark on the identical cheese product as Quesos La Ricura is likely to cause confusion, mistake and deception and/or create the misleading impression that Defendant's products are manufactured by, endorsed by, or in some way associated with Plaintiff.

44.    Defendants' use of the identical QUESO ARROCERO mark and packaging trade dress on the identical cheese product as Quesos La Ricura constitutes the use in commerce of false designations of origin and false descriptions or representations, tending to falsely describe and/or represent Defendant's goods as those of Plaintiff's, or equivalent to Plaintiff's.

45.    Defendant's use of the MIX DE QUESOS FRIJOLEROS mark, on substantially the same cheese product as Quesos La Ricura, is likely to cause confusion, mistake and deception and/or create the misleading impression that Defendant's products are manufactured by, endorsed by, or in some way associated with Plaintiff.

46.    Defendants' use of the confusingly similar MIX DE QUESOS FRIJOLEROS mark and packaging trade dress, on substantially the same cheese product as Quesos La Ricura, constitutes the use in commerce of false designations of origin and false descriptions or representations, tending to falsely describe and/or represent Defendant's goods as those of Plaintiff's, or equivalent to Plaintiff's.

47.    Plaintiff believes it is being damaged by the use of such false designations of origin,

descriptions and/or representations, all in violation of section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)), and has lost sales and valuable goodwill in an amount not yet known, but is believed to exceed ~~$300,000~~ $500,000.00.

## COUNT II

### New York State Common Law Trademark
### Infringement and Unfair Competition

48.     Plaintiff repeats and realleges the allegations of paragraphs 1-47 above, as if set forth here in full.

49.     By its actions described above, Defendant has engaged in trademark infringement and unfair competition, in violation of the common law of the State of New York.

## COUNT III

### Infringement of a Registered Trademark (US Reg. No. 8,051,988) under United States Trademark Act (15 U.S.C. § 1114))

50.     Plaintiff repeats and realleges the allegations set forth in paragraphs 1-49 above, as if set forth here in full.

51.     Defendant's use of the MIX DE QUESOS FRIJOLEROS mark, on substantially the same cheese product as Quesos La Ricura's Registered Trademark, US Reg. No. **8,051,988** of the Mark OLANCHO QUESO SECO FRIJOLERO is likely to cause confusion, mistake and deception and/or create the misleading impression that Defendant's products are manufactured by, endorsed by, or in some way associated with Plaintiff.

52.     Plaintiff believes it is being damaged by the use of such false designations of origin, descriptions and/or representations, all in violation of section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)), and has lost sales and valuable goodwill in an amount not yet known, but is

believed to exceed $200,000.00.

**WHEREFORE, Plaintiff prays for an Order**:

1.      Preliminarily and permanently enjoining the Defendant, its officers, agents, sales representatives, servants, employees, associates, distributors, attorneys or successors and assigns, and all persons acting by, though, under or in active concert or participation with it, from:

A.      Using the QUESO ARROCERO trademark in connection with the selling, offering for sale, advertising and/or promotion of goods, including without limitation, cheese and any other dairy products, or using any other colorable imitations of Plaintiff's QUESO ARROCERO mark on such goods; and

B.      Using the QUESO ARROCERO trademark and packaging trade dress in connection with the selling, offering for sale, advertising and/or promotion of goods, including without limitation, cheese and any other dairy products, or using any other colorable imitations of Plaintiff's QUESO ARROCERO mark and packaging trade dress on such goods; and

C.      Using the MIX DE QUESOS FRIJOLEROS trademark and packaging trade dress in connection with the selling, offering for sale, advertising and/or promotion of goods, including without limitation, cheese and any other dairy products, or using any other colorable imitations of Plaintiff's OLANCHO QUESO SECO FRIJOLERO and QUESO SECO FRIJOLERO Trademarks and packaging trade dress on such goods; and

D.      Engaging in any course of conduct likely to cause confusion, deception or mistake or injure Plaintiff's business reputation or dilute the trademark QUESO ARROCERO, and the

QUESO ARROCERO trade dress, to appropriate the good will and reputation of said mark or lead to the passing off of Defendant's products as QUESO ARROCERO branded products; and

-13-

E.      Engaging in any course of conduct likely to cause confusion, deception or mistake or injure Plaintiff's business reputation or dilute the trademark OLANCHO QUESO SECO FRIJOLERO and QUESO SECO FRIJOLERO and packaging trade dress, and the OLANCHO QUESO SECO FRIJOLERO and QUESO SECO FRIJOLERO packaging trade dress, to appropriate the good will and reputation of said mark or lead to the passing off of Defendant's products as OLANCHO QUESO SECO FRIJOLERO and QUESO SECO FRIJOLERO branded products;

2.      Ordering Defendant to account and pay over to Plaintiff all profits realized by it for the sale of products bearing the infringing QUESO ARROCERO, OLANCHO QUESO SECO FRIJOLERO and QUESO SECO FRIJOLERO Trademarks and packaging trade dress ~~mark~~ and for all damages sustained by Plaintiff on account of the infringement, false designation and description, misappropriation and unfair competition, as set forth above and that said amounts be trebled, pursuant to 15 U.S.C. § 1117;

3.      Awarding Plaintiff damages to compensate it for its ~~has~~ lost sales and damage to its valuable goodwill in an amount not yet known but is believed to exceed ~~$300,000.00~~ $500,000.00.

4.      Awarding Plaintiff its costs of this action and its disbursements and reasonable attorneys' fees incurred by Plaintiff in this action, pursuant to 15 U.S.C. § 1117;

5.      Ordering Defendant to remove all infringing products from all store shelves, throughout the United States; and, to offer up for destruction any and all infringing packaging, advertising and promotional or other materials bearing the QUESO ARROCERO, and MIX DE QUESOS FRIJOLEROS  marks in Defendant's possession

-14-

and in the possession of Defendant's employees, agents and distributors;

6.      Requiring Defendant to make a full report of their compliance with the foregoing within 30 days of judgment in this case; and

7.      Granting such other and further relief as the Court may deem to be just and proper.

## JURY TRIAL DEMAND

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff hereby requests a jury trial as to any and all issues triable as of right by jury.

Respectfully submitted,

Dated: ~~August 14, 2025~~ February 16, 2026        **SACK IP Law p.c.**

By: /s/Alan M. Sack/
    Alan M. Sack (AS4455)

| | |
|---|---|
| 445 Park Avenue | 6800 Jericho Tpk. |
| 9th Floor | Suite 120W |
| New York, NY 10001 | Syosset, NY 11791 |
| Tel: (212) 500-1310 | Tel: (516) 393-5960 |

Direct Cell: (516) 510-3061
Email: *Alan.Sack@sack-ip.com*

*Attorney for Plaintiff, Quesos La Ricura, Ltd.*

-15-