**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK**

QUESOS LA RICURA, LTD.,

                         Plaintiff,

    v.

RIO GRANDE FOOD PRODUCTS, INC.,

                         Defendant.

_____

RIO GRANDE FOOD PRODUCTS, INC.,

                         Counterclaim Plaintiff,

    v.

QUESOS LA RICURA, LTD.,

                         Counterclaim Defendant.

Civil Action No.: 2:25-cv-04548-SJB-SIL

**STIPULATED [proposed] CONFIDENTIALITY AND INADVERTENT DISCOSURE OF PRIVILEGED MATERIAL ORDER**

*via ECF*

It appears to the parties that discovery in the above-captioned action is likely to involve the disclosure of confidential information, it is ORDERED as follows:

1.      **Confidential Material Defined.** Any party to this litigation and any non-party providing information in this action (hereinafter "non-party") shall have the right to designate as "Confidential" and subject to this Order any information, document, or thing, or portion of any document or thing. For purposes of this Order, "Confidential" material is material which is not known or available to the public and which constitutes technical know-how, confidential research, development or commercial information, purchase and/or sales data, proprietary commercial, financial, technical, research, development, or business information, or any other confidential, private, or proprietary information that is used in the party's business. A party shall not routinely designate material as "Confidential," or make such a designation without a reasonable inquiry to determine whether the material as issue qualifies for such designation. Any party to this litigation or non-party covered by this Order, who produces or discloses any Confidential material, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the foregoing or similar legend: "CONFIDENTIAL" or "CONFIDENTIAL – SUBJECT TO COURT ORDER" (hereinafter "Confidential").

2.      **Highly Confidential-Attorneys' Eyes Only Material Defined.** Any party to this litigation and any non-party shall have the right to designate as "Highly Confidential-Attorneys' Eyes Only" and subject to this Order any non-public information, document, or thing, or portion of any document or thing: (a) that contains trade secrets, competitively sensitive technical, marketing, financial, sales or other confidential business information, or (b) that contains private or confidential personal information, or (c) that contains information received in confidence from

1

third parties, (d) of such nature that disclosure to the opposing party could cause substantial harm to an individual or to the business or competitive position of the disclosing party or (e) which the producing party otherwise believes in good faith to be entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure and Local Civil Rule 5.3. Any party to this litigation or any non-party who is covered by this Order, who produces or discloses any Highly Confidential-Attorneys' Eyes Only material, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the foregoing or similar legend: "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL–ATTORNEYS' EYES ONLY – SUBJECT TO COURT ORDER" (hereinafter "Highly Confidential–Attorneys' Eyes Only").

3.      All Confidential and Highly Confidential–Attorneys' Eyes Only material shall be used by the receiving party solely for purposes of the this litigation and the opposition or cancellation proceeding(s) at the Trademark Trial and Appeal Board between Quesos La Ricura, LTD. and Rio Grande Food Products, Inc. involving the asserted trademark applications or registrations (*e.g.*, Opposition No. 91303100), and shall not be used by the receiving party for any business, commercial, competitive, personal or other purpose, and shall not be disclosed by the receiving party to anyone other than those set forth in Paragraph 4 with respect to Confidential material, or set forth in Paragraph 5 with respect to Highly Confidential–Attorneys' Eyes Only material, unless and until the restrictions herein are removed either by written agreement of counsel for the parties, or by Order of the Court. It is, however, understood that counsel for a party may give advice and opinions to his or her client solely relating to the above-captioned action based on his or her evaluation of Confidential and Highly Confidential–Attorneys' Eyes Only material, provided that such advice and opinions shall not reveal the content of such Confidential and Highly Confidential–Attorneys' Eyes Only material except by prior written agreement of counsel for the parties, or by Order of the Court.

4.      **Access to Confidential Material.** Confidential material and the contents of Confidential material may be disclosed only to the following individuals under the following conditions:

(a)      Outside counsel (herein defined as any attorney at the parties' outside law firms, which firms have appeared in the action);

(b)      Outside experts or consultants retained by outside counsel for purposes of this action, provided they have signed a non-disclosure agreement in the form attached hereto as Exhibit A or such other form as may be agreed by the parties;

(c)      Secretarial, paralegal, clerical, duplicating and data processing personnel of the foregoing;

(d)      The Court and Court personnel;

(e)      Any deponent may be shown or examined on any information, document or thing designated Confidential if it appears that the witness (1) authored or prior to this litigation received a copy of it, or (2)  if the producing party consents to such disclosure;

(f)      Vendors retained by or for the parties to assist in preparing for pretrial discovery, trial and/or hearings including, but not limited to, court reporters, litigation

2

support personnel, jury consultants, legal interpreters, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials, provided they have signed a non-disclosure agreement in the form attached hereto as Exhibit A or such other form as may be agreed by the parties; and

(g)    The parties. In the case of parties that are corporations or other entities, "party" shall mean executives who are required to participate in decisions with reference to this lawsuit or are persons necessary for the prosecution or defense of this lawsuit.

5.    Confidential material shall be used only by individuals permitted access to it under Paragraph 4.  Confidential material, copies thereof, and the information contained therein, shall not be disclosed in any manner to any individual other than those identified in Paragraph 4, until and unless (a) outside counsel for the party asserting confidentiality waives the claim of confidentiality, or (b) the Court orders such disclosure or otherwise determines that the material is not Confidential.

6.    **Access to Highly Confidential–Attorneys' Eyes Only Material.** Highly Confidential–Attorneys' Eyes Only material and the contents of Highly Confidential–Attorneys' Eyes Only material may be disclosed only to the following individuals under the following conditions:

(a)    Outside counsel (herein defined as any attorney at the parties' outside law firms, which firms have appeared in the action);

(b)    Outside experts or consultants retained by outside counsel for purposes of this action, provided they have signed a non-disclosure agreement in the form attached hereto as Exhibit A or such other form as may be agreed by the parties;

(c)    Secretarial, paralegal, clerical, duplicating and data processing personnel of the foregoing;

(d)    The Court and Court personnel;

(e)    Any deponent may be shown or examined on any information, document or thing designated Highly Confidential–Attorneys' Eyes Only if it appears that the witness (1) authored or prior to this litigation received a copy of it, or (2) if the producing party consents to such disclosure;

(f)    Vendors retained by or for the parties to assist in preparing for pretrial discovery, trial and/or hearings including, but not limited to, court reporters, litigation support personnel, jury consultants, legal interpreters, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials, provided they have signed a non-disclosure agreement in the form attached hereto as Exhibit A or such other form as may be agreed by the parties; and

(g)    To such other persons as counsel for the producing party agrees or as

3

ordered by the Court.

7.    Highly Confidential–Attorneys' Eyes Only material shall be used only by individuals permitted access to it under Paragraph 6.  Such material, copies thereof, and the information contained therein, shall not be disclosed in any manner to any individual other than those identified in Paragraph 6, until and unless (a) outside counsel for the party asserting confidentiality consents to the disclosure or waives the claim of confidentiality in writing, or (b) the Court orders such disclosure or otherwise determines that the material is not Highly Confidential-Attorneys' Eyes Only.

8.    **Depositions**. With respect to any depositions that involve Confidential material or Highly Confidential–Attorneys' Eyes Only material of a party or non-party, such party or non-party shall designate the transcript as containing Confidential material or Highly Confidential–Attorneys' Eyes Only material, or both, during the deposition(or within 5 days thereafter),  and may have until thirty (30) days after receipt of the deposition transcript within which specifically to inform all other parties or non-parties of which portions of the transcript are to be designated Confidential or Highly Confidential–Attorneys' Eyes Only, which period may be extended by agreement of the parties. No such deposition transcript shall be disclosed to any individual other than the individuals described in Paragraph 4 for Confidential material, or Paragraph 6 for Highly Confidential–Attorneys' Eyes Only material, and the deponent during these thirty (30) days, and no individual attending such a deposition shall disclose the contents of the deposition to any individual other than those described in Paragraph 4, or Paragraph 6 for Highly Confidential–Attorneys' Eyes Only material, during said thirty (30) days. Upon being informed that certain portions of a deposition are to be designated as Confidential, or Attorneys' Eyes Only, all parties shall immediately cause each copy of the transcript in its custody or control to be appropriately marked and limit disclosure of that transcript in accordance with Paragraphs 4 and 5 or Paragraphs 6 and 7, respectively.

9.    **Challenges to Confidentiality Designations**. If counsel for a party receiving documents or information designated as Confidential or Highly Confidential–Attorneys' Eyes Only hereunder objects to such designation of any or all of such items, the following procedure shall apply:

(a)    Counsel for the objecting party shall serve on the designating party or non-party a written objection to such designation, which shall describe with particularity the documents or information in question and shall state the grounds for objection. Counsel for the designating party or non-party shall respond in writing to such objection within fourteen (14) days, and shall state with particularity the grounds for asserting that the document or information is Confidential or Highly Confidential–Attorneys' Eyes Only.  Counsel shall then confer in good faith in an effort to resolve any dispute concerning the objection.

(b)    If a dispute as to a Confidential or Highly Confidential–Attorneys' Eyes Only designation of a document or item of information cannot be resolved by agreement, the party challenging the confidentiality designation shall present the dispute to the Court by letter motion, in accordance with Local Civil Rule 37.2. The document or information that is the subject of the filing shall be treated as originally designated pending resolution of the dispute with any Confidential or Highly Confidential–Attorneys' Eyes Only information filed under seal per Paragraph 10.

4

10.     **Confidential Information Filed with Court.** Any document designated "Confidential" or "Highly Confidential–Attorneys' Eyes Only" by a party or non-party and which is to be filed with the Court shall be filed under seal.  If the parties wish to move to file a document under seal, they must comply with the Eastern District of New York's Steps for E-Filing Sealed Documents in Civil cases, located at: https://www.nyed.uscourts.gov/sites/default/files/forms/EfilingSealedCV.pdf.

11.     **Notice at Court Proceedings.**  If the need arises during trial or at any hearing before the Court for any party to disclose Confidential or Highly Confidential–Attorneys' Eyes Only material, it may do so only after giving notice to the producing party and as directed by the Court.

12.     **Data Breach.** If a party learns that material that party received in discovery pursuant to this Order has been the subject of a data breach, that party must promptly notify the producing party of the breach, and cooperate with that party to address the breach.

13.     **Non-Waiver of Confidentiality for Discovery Material Inadvertently Produced without a Confidentiality Designation.**  The inadvertent or unintentional disclosure of Confidential or Highly Confidential–Attorneys' Eyes Only material that should have been designated as such, regardless of whether the information, document or thing was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's or non-party's claim that it is Confidential or Highly Confidential–Attorneys' Eyes Only material, either as to the specific information, document or thing disclosed or as to any other material or information concerning the same or related subject matter. Such inadvertent or unintentional disclosure may be rectified by notifying in writing counsel for all parties to whom the material was disclosed that the material should have been designated Confidential or Highly Confidential–Attorneys' Eyes Only within a reasonable time from discovery that the information had been produced without a proper confidentiality designation. Such notice shall constitute a designation of the information, document or thing as Confidential or Highly Confidential–Attorneys' Eyes Only under this Order.

14.     **Non-Waiver of Privilege for Inadvertently Disclosed Material.** The production of any information, document, or thing in this litigation shall not constitute a waiver of any attorney-client privilege, work-product protection, or any other applicable privilege or protection ("Privilege") that may be asserted by the producing party either in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(b) and 502(d). When the production or disclosure of any Privileged information, document, or thing is discovered by or brought to the attention of the producing party, the treatment of such material shall be in accordance with Federal Rule of Civil Procedure 26(b)(5)(B).  After being notified of a claim that Privileged discovery material has been inadvertently produced, a party must: (1) promptly return or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; (2) take reasonable steps to retrieve the information if the party disclosed it before being notified; and (3) may promptly present the information to the court under seal for a determination of the claim. The producing party must preserve the information until the claim is resolved. That treatment shall be deemed to comply with any obligations the producing party would otherwise have had pursuant to Fed. R. Evid. 502(b) or under the common law. However, nothing herein restricts the right of the receiving party to challenge the producing party's claim of Privilege after receiving notice of the production or disclosure of any information, document, or thing that is subject to a claim of

5

Privilege.

15.      **Procedure for Disputes Regarding Asserted Privilege.** If a party disputes whether discovery material, regardless of whether the material is withheld or inadvertently produced, is Privileged the challenging party must notify counsel of the party asserting the Privilege. The parties shall meet and confer in good faith as to whether such material is Privileged. If the parties are unable to reach agreement, the party challenging the Privilege claim shall present the dispute to the Court by letter motion, in accordance with Local Civil Rule 37.2.  The party asserting the Privilege shall have the burden of establishing that the material is covered by Privilege.

16.      **Treatment of Discovery Material that is Subpoenaed in Other Litigation.**  If a non-party serves a party in this action with a request, subpoena, or order ("demand") for disclosure of Confidential or Highly Confidential–Attorneys' Eyes Only material, the party receiving the demand, if not prohibited under applicable law, shall promptly deliver a copy of the demand to the designating party's counsel, and shall notify the party who served the request that some or all of the materials sought by the request are subject to this Order.  The party receiving the demand shall not disclose any Confidential or Highly Confidential–Attorneys' Eyes Only material prior to the date specified for disclosure, or prior to resolution of any dispute regarding production of such material in response to the request, whichever is later.  In its sole discretion and at its own cost, the designating party may oppose or seek to limit the demand in any legal manner.

17.      No information that is in the public domain or which is already known by the receiving party through proper means or which is or becomes available to a party from a source other than the party asserting confidentiality, rightfully in possession of such information on a non-confidential basis, shall be deemed or considered to be Confidential or Highly Confidential–Attorneys' Eyes Only material under this Order.

18.      **Non-waiver.** This Order shall not deprive any party of its right to object to discovery by any other party or on any otherwise permitted ground. This Order is being entered without prejudice to the right of any party to move the Court for modification or for relief from any of its terms.  This Order shall not constitute a waiver of any claim of immunity or privilege with regard to any testimony, documents, or information.

19.      **Amendment.** This Order may be amended without leave of Court and by agreement of the parties in the form of a stipulation that shall be filed in this action. This Order shall survive the termination of this action and shall remain in full force and effect unless modified by an Order of this Court or by the written stipulation of the parties filed with the Court.

20.      **Provision of Advice to Clients.** Nothing in this Order shall bar or otherwise restrict any attorney from rendering advice to his or her client with respect to this action and, in the course thereof, from generally referring to or relying upon the examination of documents produced or information revealed in deposition or trial transcripts. In rendering such advice or in otherwise communicating with his or her client, the attorney shall not disclose the content of any document, material, or information except as permitted under Paragraphs 4 and 5.

21.      **Return of Confidential Material at Conclusion of Litigation.** Within ninety (90) days of final disposition of the litigation, all material treated as Confidential or Highly

6

Confidential–Attorneys' Eyes Only under this Order and not received in evidence shall be either returned to the disclosing party or destroyed, except for one copy which may be retained by counsel of record for archival purposes only, and except for any abstracts or summaries or other memoranda prepared by persons identified in Paragraphs 4 or 6 who obtained the Confidential or Highly Confidential–Attorneys' Eyes Only material and any part of official record which is or contains Confidential or Highly Confidential–Attorneys' Eyes Only material.  The parties agree that all retained Confidential or Highly Confidential–Attorneys' Eyes Only and any information contained therein, will continue to be treated as provided in this Protective Order and that such continuing obligation shall survive the final disposition of this action. The party returning and/or destroying Confidential or Highly Confidential–Attorneys' Eyes Only material must certify in writing its compliance with the requirements of this paragraph.

22.    **Jurisdiction**. This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder.

|  | *s/ Jane W. Wise* |
| --- | --- |
| *Attorney for Plaintiff and Counterclaim-Defendant, Quesos La Ricura, Ltd.* | *Attorney for Defendant and Counterclaim-Plaintiff, Rio Grande Food Products, Inc.* |
| SACK IP Law p.c. Alan M. Sack, Esq. 6800 Jericho Tpk., Suite 120W Syosset, NY 11791 Telephone: (516) 393-5960 *Alan.Sack@SACKIP.com* | DLA PIPER LLP (US) J. Kevin Fee Jane W. Wise 500 Eighth Street, NW Washington, D.C. 20004 Telephone: (202) 799-4149 Facsimile: (202) 863-7849 kevin.fee@us.dlapiper.com jane.wise@us.dlapiper.com |
|  | Loretta Segura 3203 Hanover St. Suite 100 Palo Alto, CA 94304 Telephone: (650) 833-2051 loretta.segura@us.dlapiper.com |
| Dated:        , 2026 | Dated: March 27, 2026 |

7

**SO ORDERED:**

Dated:

Central Islip, NY

_____
STEVEN I. LOCKE
United States Magistrate Judge

8

**EXHIBIT A**

|  |  |
|---|---|
| QUESOS LA RICURA, LTD.,<br>                                   Plaintiff,<br><br>   v.<br><br>RIO GRANDE FOOD PRODUCTS, INC.,<br>                                   Defendant.<br><br>RIO GRANDE FOOD PRODUCTS, INC.,<br>                      Counterclaim Plaintiff,<br><br>   v.<br><br>QUESOS LA RICURA, LTD.,<br><br>                      Counterclaim Defendant. | Civil Action No.: 2:25-cv-04548-SIL-<br><br>**AGREEMENT TO BE BOUND BY CONFIDENTIALITY AND INADVERTENT DISCLOSURE OF PRIVILEGED MATERIAL ORDER** |

I, _____, Declare under the penalty of perjury that:

1. My address is _____ _____.

2. My present employer is _____ and the address of my present employment is _____ _____.

3. My present occupation or job description is _____.

4. I have carefully read and understood the entirety of the Confidentiality Order in this case signed by the Court, and I will comply with all provisions of the Confidentiality Order and Inadvertent Disclosure of Privileged Material Order ("Order") that was entered by the United States District Court for the Eastern District of New York in the above captioned litigation.

5. I agree to comply with and be bound by all the terms of this Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I will not disclose in any manner any information or item that is subject to this Order to any person or entity except in strict compliance with the provisions of this Order. I will not use any information or item that is subject to this Protective Order for any purpose beyond the instant litigation.

6.      I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of New York for the purpose of enforcing the terms of this Order, even if such enforcement proceedings occur after termination of this litigation.

7.      I will hold in confidence and not disclose to anyone not qualified under the Confidentiality Order any Confidential or Attorneys' Eyes Only material or any words, summaries, abstracts, or indices of Confidential or Attorneys' Eyes Only material disclosed to me.

8.      I will limit use of Confidential or Attorneys' Eyes Only material disclosed to me solely for purpose of this action.

9.      No later than the final conclusion of the case, I will return all Confidential or Attorneys' Eyes Only material and summaries, abstracts, and indices thereof which come into my possession, and documents or things which I have prepared relating thereto, to counsel for the party for whom I was employed or retained.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: _____

City and State where Signed: _____

Printed Name: _____

Signature: _____