

## SPIRE LAW

Ian E. Smith
ian@spirelawfirm.com
407.494.0135

Spire Law, LLC
2572 W State Rd 426
Suite 2088
Oviedo, FL 32765

**spirelawfirm.com**

<u>**Via Electronic Filing**</u>                    **May 26, 2026**

The Honorable Steven I. Locke
U.S. District Court, Eastern District of New York
225 Cadman Plaza E, Brooklyn,
New York, NY 11201

**Re.:**   ***Quesos La Ricura, Ltd. v. Rio Grande Food Products, Inc.***
***(2:25-cv-04548)***

**Motion to Quash Subpoena to Produce Documents in Civil
Action**

**Motion to Quash Subpoena to Testify at a Deposition in a
Civil Action**

Dear Judge Locke:

We represent Amerisal Foods, LLC ("Amerisal"), a nonparty
whom Defendant Rio Grande Food Products, Inc.directed (1) a
subpoena for documents on or before May 26, 2026, and (2) a subpoena
to testify on May 28, 2026.  A copy of both subpoenas is attached to this
letter.  Without consenting to the personal jurisdiction of this Court, and
appearing only to challenge the attached subpoenas, Amerisal
respectfully moves this Court to quash both subpoenas on the grounds
that the subpoenas failed to provide sufficient time to comply, may
require disclosure of protected matter, and subjects it to an undue
burden.

**Amerisal Foods, LLC**

Based in Van Nuys, California, Amerisal Foods LLC, is a
certified woman-owned importer and wholesaler, that delivers
traditional Central American cuisine through convenient e-commerce
platforms.  Amerisal does not do business in New York.

**The Court Should Quash Both Subpoenas.**

Rule 45(d)(3) of the Federal Rules of Civil Procedure requires a
court, upon a timely motion, to "quash or modify a subpoena that: (i)
fails to allow a reasonable time to comply; (ii) requires a person to
comply beyond the geographical limits specified in Rule 45(c); (iii)
requires disclosure of privileged or other protected matter, if no
exception or waiver applies; or (iv) subjects a person to undue burden."

In the Second Circuit, the issue of "undue burden" concerning
subpoenas is addressed through a balancing test that weighs the burden



SPIRE LAW

imposed on the subpoenaed party against the relevance and necessity of the information sought by the requesting party. Courts consider several factors to determine whether a subpoena imposes an undue burden, including:

- The relevance of the information sought;
- The need of the requesting party for the documents;
- The breadth of the document request;
- The time period covered by the request.
- The particularity with which the documents are described;
- The burden imposed on the subpoenaed party.

*See Travelers Indem. Co. v. Metro. Life Ins. Co*., 228 F.R.D. 111 (D. Conn. Apr. 28, 2005); *Hughes v. Twenty-First Century Fox, Inc*., 327 F.R.D. 55 (S.D. NY April 24, 2018); *Jackson v. AFSCME Local* 196, 246 F.R.D. 410 (D. Conn. Oct. 30, 2007); *Lelchook v. Lebanese Canadian Bank, SAL*, 670 F. Supp. 3d 51 (S.D. NY April 21, 2023).

We believe all of these factors, including the unreasonable amount of time to comply, weigh in favor of quashing the subpoenas. First, the subpoenas were dated May 13, 2026, and required compliance in either 13 or 15 days (including the Memorial Day holiday). Second, it is unclear the relevance of the information sought or the requesting party's need for the documents, but the breadth of the document requests seeking documents that go back nearly 18 years to 2008 is facially overbroad, expensive to comply with, and burdensome.

Moreover, the contents of the Subpoena to Testify appear to inquire of that Amerisal provide knowledge and interpretation of several phrases from Spanish to English and the meaning thereof. Such information can be obtained from an expert interpreter or linguist, neither of whom my client's officers/ employees are not. Amerisal has only two officers that are the persons most knowledgeable, namely, Vanessa Faggiolly and Nora Saca. Ms. Saca is ill and is not available. Ms. Faggiolly is not available on May 26 or 28, as the subpoena demands. The topic request of a corporation's use of a particular phrase or any variation thereof going back to 2008 in connection with food does not make sense and is absurd.

Moreover, Amerisal objects to providing any confidential sales or marketing information to the purported parties to this litigation as it appears on the subpoenas. Amerisal objects to the entirety of the subpoena to testify and subpoena to produce documents based on privacy, trade secrets, insufficient time, improper notice, vague and



overly broad, relevance and unreasonable burden and undue expense. Amerisal reserves all rights and objections.

Finally, Rule 45(d)(1) allows courts to shift costs or impose sanctions, including attorney's fees, if the subpoenaing party fails to take reasonable steps to avoid undue burden. We intend to ask the Court to award fees and costs, as the Court deems just and proper.

For these and other reasons, we ask the Court to quash the subpoenas directed to Amerisal Foods, LLC.

We thank the court for their attention to this matter.

Respectfully,

Ian E. Smith, Esq.
Partner, Spire Law, LLC

