

**DLA Piper LLP (US)**
500 Eighth Street, NW
Washington, DC 20004
www.dlapiper.com

Jane W. Wise
jane.wise@us.dlapiper.com
T  202.799.4149
F  202.863.7849

May 29, 2026

**Via E-Mail**

Honorable Steven I. Locke
United States Magistrate Judge
U.S. District Court for the Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

Re:    *Quesos La Ricura, Ltd. v. Rio Grande Food Products, Inc.*, **2:25-cv-4548 (E.D.N.Y.)**

Dear Judge Locke:

We represent Defendant and Counterclaim Plaintiff Rio Grande Food Products, Inc. ("Rio Grande").  Pursuant to Section 4(A) of Your Honor's Individual Rules, we submit this letter motion to compel Plaintiff and Counterclaim Defendant Quesos La Ricura, Ltd. ("La Ricura") to serve responses to Rio Grande's Second Sets of Interrogatories and Requests for Production ("Second Sets of Discovery Requests") and produce documents and electronically stored information ("ESI") in response to Rio Grande's First Set of Requests for Production.

I.    **La Ricura Should Be Compelled to Produce Documents in Response to Rio Grande's First Set of Requests for Production.**

Rio Grande served its First Set of Requests for Production to La Ricura on December 10, 2025 ("First Set of Requests").  Ex. 1.  Pursuant to the Court's scheduling order, Dkt. 18, La Ricura served its written responses and objections on January 16, 2026.  Ex. 2.  During a meet and confer on April 30, 2026, Rio Grande asked La Ricura for a date certain on when it would be producing documents, to which La Ricura committed to May 8, 2026.  Exhibit 3 at 10.  When La Ricura did not produce documents on that date, Rio Grande followed up two more times.  *Id.* at 8-9.  However, despite Rio Grande's multiple follow ups and the fact that nearly six months have passed since receipt of Rio Grande's First Set of Requests, La Ricura's document production remains largely deficient.  Notably, La Ricura does not dispute that it must produce such documents.  Ex. 2.  (*See* Rio Grande's Request Nos. 1-3, 5-17, 19-42).  On May 22, 2026, La Ricura finally produced a total of four documents, comprised of sales records of the products at issue in this action.  When Rio Grande pointed out La Ricura's deficient production, La Ricura produced an additional five documents, which consist largely of the same type of documents it initially produced.  Documents

1

responsive to Rio Grande's Request Nos. 1-3, 5-17, 19-42 remain outstanding despite La Ricura agreeing to produce documents responsive to these requests.  *See* Ex. 2.

La Ricura's refusal to timely produce documents responsive to Rio Grande's First Set of Requests is an abrogation of its duty to comply with its discovery obligations.  Further La Ricura's failure to produce documents puts Rio Grande at a severe disadvantage in defending itself in this action as it is unable to fairly, let alone adequately, prepare for depositions of La Ricura's witnesses.  *Caputi v. Topper Realty Corp.*, 2015 WL 2453520 at *7 (E.D.N.Y. May 22, 2015) (finding that failure to produce documents prior to a deposition deprived defendants of a fair opportunity to depose plaintiff about them).  Notably, La Ricura has alleged but has not produced a license agreement for the trademarks at issue (*see, e.g.*, Request for Production No. 34).  Dkt. 25 at ¶¶ 23-24, 26.  If such an agreement exists, it should be produced and should not have required a prolonged search.  If no such documents exist, then La Ricura must confirm that say so in advance of depositions.  For these reasons, Rio Grande respectfully requests that the Court compel La Ricura's production of documents responsive to Rio Grande's First Set of Requests by a date deemed reasonable by the Court.

## II.    La Ricura Should Be Compelled to Respond to Rio Grande's Second Sets of Discovery Requests Without Objection.

Rio Grande served its Second Sets of Discovery Requests to La Ricura on April 23, 2026.  Ex. 4.  La Ricura confirmed receipt of Rio Grande's requests on April 24 and again on May 22, 2026.  Exs. 5-6. La Ricura's responses were required by May 26, 2026, which were never served on Rio Grande.  Fed. R. Civ. P. 34(b)(2)(A).  Although La Ricura acknowledged receipt of the discovery the day after it was served, it did not request an extension of time to complete responses to discovery.  On May 27, 2026, Rio Grande promptly followed up with La Ricura regarding its failure to respond to the requests and requested that the responses be provided immediately.  Instead, La Ricura requested two additional weeks and did not respond regarding its waiver of objections.  Ex. 3 at 1.  Rio Grande does not object to La Ricura taking two additional weeks to provide substantive responses.  However, those responses must be made without objection.  La Ricura's failure to furnish responses or even ask for an extension prior to its deadline to respond to the requests, illustrates La Ricura's failure to make a good-faith effort to provide timely objections or response to Rio Grande's requests.

It is well established that the Court has broad discretion in deciding a motion to compel discovery.  *Gesualdi v. Interstate Payroll Co., Inc.*, 2016 WL 737909 at *1 (E.D.N.Y. Feb. 22, 2016).  Therefore, Rio Grande respectfully requests the issuance of an Order compelling La Ricura to comply with their discovery obligations by furnishing substantive responses to Rio Grande's Second Sets of Discovery Requests by June 10, 2026, and deeming La Ricura's objections to such

2

requests waived.  *Tedaldi v. Am. Paving Inc.*, 2025 WL 1349033 at *2 (E.D.N.Y. Apr. 23, 2025) ("It is well established that by failing to respond or object to a discovery request in a timely manner, a party waives any objection which may have been available.") (quoting *Labarbera v. Absolute Trucking, Inc.,* No. CV 08-4581 (DRH) (AKT), 2009 WL 2496463, at *1 (E.D.N.Y. Aug. 12, 2009)); *Govt. Employees Ins. Co. v. Dinesh Verma Med., P.C.*, 2023 WL 1967575 at *3 (E.D.N.Y. Feb. 10, 2023) (issuing order compelling responses to discovery requests in full and all objections to the same deemed waived); *Gesualdi v. Oyster Bay Sand & Gravel, Inc.*, No., 2015 WL 1509481 at *3 (E.D.N.Y. Mar. 31, 2015) (finding "Defendant has waived any objections to Plaintiffs' discovery demands based on Defendant's failure to timely respond in writing").

### III.    La Ricura Should Be Compelled to Produce ESI.

La Ricura's sparse document production failed to include important ESI to which Rio Grande requested in its First Set of Requests and to which Rio Grande is entitled.  Ex. 7 at 8; *Pincus L. Group, PLLC v. MJ Connections, Inc.*, 2025 WL 1070384 (E.D.N.Y. Apr. 9, 2025) (granting motion to compel reproduction of ESI in response to document requests).  Indeed, several of La Ricura's documents appear to be PDFs containing snippets of excel spreadsheets containing La Ricura's financial information which omit relevant ESI that would otherwise accompany the document had it been produced in its native form, *i.e.*, the manner in which it is ordinarily maintained by La Ricura.  During the parties' conferrals and in subsequent email exchanges, Rio Grande offered La Ricura several ESI production options, including adopting the protocol outlined by Rio Grande in its requests or agreeing to an ESI protocol accepted in this District.  Exs. 3 at 10; 7.  Rio Grande is willing to work with La Ricura to propose a joint ESI protocol to be entered in this action.  Dkt. 38 at 2.  However, to prevent further delay of receipt of such information, Rio Grande respectfully requests that the Court compel La Ricura to re-produce all previously produced documents and make any subsequent document productions in accordance with Section III of the sample ESI protocol that has been deemed proper in this District, appended as Exhibit 8 to this motion.  Ex. 8.

Rio Grande thanks the Court for its consideration of its requests contained therein.

Respectfully submitted,

*s/ Jane W. Wise*
Jane W. Wise

**DLA PIPER LLP (US)**

J. Kevin Fee
Jane W. Wise
500 Eighth Street, NW
Washington, D.C. 20004
Telephone: (202) 799-4149
Facsimile: (202) 863-7849
kevin.fee@us.dlapiper.com
jane.wise@us.dlapiper.com

Loretta Segura (admitted *pro hac vice*)
3203 Hanover Street, Suite 100
Palo Alto, CA 94304
Telephone: (650) 833-2051
Facsimile: (650) 687-1151
loretta.segura@us.dlapiper.com

*Counsel for Rio Grande Food Products, Inc.*

4

## CERTIFICATE OF SERVICE

I hereby certify that on May 29, 2026, a true and correct copy of Rio Grande Food Products, Inc.'s Motion to Compel was served on all counsel of record for Plaintiff and Counterclaim Defendant Quesos La Ricura, Ltd. via email, as agreed to by the parties as the preferred method of service:

Alan Martin Sack
Sack IP Law P.C.
6800 Jericho Turnpike Ste 120W
Syosset, NY 11791
Email: alan.sack@sack-ip.com

BY: *s/ Loretta Segura*
Loretta Segura